**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4476**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE CLACK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:16-cr-00233-FL-1)

Submitted:  February 15, 2018                    Decided:  February 16, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Donald R. Pender, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Clack pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court found Clack's Sentencing Guidelines range to be 70 to 87 months' imprisonment, and sentenced Clack to 71 months' imprisonment. On appeal, Clack argues that his sentence is procedurally and substantively unreasonable. We affirm.

We turn first to Clack's allegation of procedural sentencing error. Clack argues that the district court erred in calculating his Guidelines range because, when determining Clack's total offense level, the court included a 2-level enhancement for the use, threatened use, or directed use of violence. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(2). Clack contends that the evidence on which the district court relied to support this enhancement did not have sufficient indicia of reliability.

"The district court's determination that evidence is sufficiently reliable to be considered at sentencing is reviewed for an abuse of discretion and its factual findings are reviewed for clear error." *United States v. Pineda*, 770 F.3d 313, 318 (4th Cir. 2014) (citations omitted). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a), p.s. Applying these principles to the record before us, we discern no

2

reversible error. Based on testimony provided at the sentencing hearing, the district court concluded that the original source of the relevant information was credible and reliable. The court then listed several corroborating factors it relied on to conclude that the Government had established by a preponderance of the evidence that the enhancement was appropriate.

We turn next to Clack's allegation of substantive unreasonableness. We examine substantive reasonableness under an abuse of discretion standard, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Clack posits that his sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). We disagree. First, despite Clack's suggestion to the contrary, the district court clearly explained that it was giving Clack credit for the 16 months he spent in state custody by reducing his sentence from 87 months to 71 months. Second, the district court meaningfully explained its chosen sentence and provided an individualized analysis as to why this sentence was appropriate for Clack. Finally, Clack presents no evidence to rebut the presumption of reasonableness applicable to his sentence.

We therefore affirm Clack's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*